

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B.T. Walters
County Auditor
Smith County
Tyler, Texas

Dear Sir:

Opinion No. 0-2926A
Re: Re-consideration of Opinion No.
0-2926

Your request for reconsideration of Opinion No.
0-2926 of this department has been received and carefully
considered by this department. We quote from your request as
follows:

"I want to thank you for the attention given
my request. However, after having read your Opin-
ion No. 0-2926, it occurs to me that maybe I did
not present the question properly. Therefore, I
am taking the liberty of making further explanation.

"The Smith County farm was worked by convict
labor until about two years ago. Up until this
time, the convicts were housed there. Since that
time all prisoners are kept in the County Jail in
Tyler. The guards live in and around Tyler and the
County convicts are worked on the roads at least
two thirds of the time. In fact they are used on
the farm only during rush crop seasons. We now
have two dwellings on said farm. One for the mana-
ger and his family, the other for a hired farm work-
er. The pay roll carries several hired 'field'
hands. We have about 100 head of blooded cattle
and some other livestock which are fed and looked
after by hired labor. In other words, the farm is
not to utilize convict labor; this is done by work-
ing them on the county roads.

"In view of the above facts and since your
opinion seems to be based upon the proposition of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable B.T. Walters, Page 2

utilizing convict labor, I am very anxious to present a clear picture to you of the proposition before considering my question properly worded and your opinion final.

"Please understand I do not want to appear as questioning your opinion, which I am sure is correct in view of the manner in which my question was presented (and it may be correct after this explanation) but before going deeper into commercial farming, I wanted to offer this additional information in the matter. With this additional information before you your opinion will be final however it may be."

Opinion No. O-2926 holds that buildings necessary for the successful operation of the county farm, such as housing for convicts, guards, overseers, barns, etc., could be built by the commissioners' court; that although Section 5 of Article 794, V. C.C.P., contemplated the use of convict labor on the county farm that if there were not sufficient convict labor on hand to successfully operate the county farm the commissioners' court would have authority to hire outside labor to make or gather crops, etc. on the county farm necessary for the successful management of the county farm and that the commissioners' court under such circumstances would have authority to build a dwelling on the county farm to house such hired hands if the commissioners' court determined that same was necessary for the successful management and operation of the county farm, including the utilization of convict labor.

We call your attention to Sections 2 and 5 of Article 794, V.C.C.P., which read as follows:

"2. Such farms and workhouses shall be under the control and management of the commissioners court, and said court may adopt such rules and regulations not inconsistent with the laws as they deem necessary for the successful management and operation of said institutions and for effectively utilizing said labor.

"5. They shall be put to labor upon the public roads, bridges or other public works of the county when their labor cannot be utilized in the county workhouse or county farm."

Honorable B.T. Walters, Page 3

Under Section 5, Article 794, V.C.C.P., it is the duty of the commissioners' court to utilize the labor of convicts on the county farm or county workhouse, if same can be utilized, before placing such convict labor on the public roads, etc. It is only when the labor of such convicts cannot be effectively utilized on the county farm and county workhouse that they should be placed to work on the public roads, bridges and other public works of the county. However, under Section 2, Article 794, V.C.C.P., supra, the control and management of the county farm is in the commissioners' court and the court is charged with the duty of successful management and operation of the county farm including the effective utilization of convict labor.

We think the law clearly contemplates that convict labor when it can be effectively utilized should be used primarily on the county farm or county workhouse. Of course, the question of effective utilization of convict labor is primarily a matter to be decided by the commissioners' court, which decision would control in the absence of a clear abuse of discretion upon the part of the commissioners' court. We must assume however that the commissioners' court will follow the law and use all convict labor which can be effectively used on the county farm in the successful management and operation of the county farm. This department cannot pass on the proposition of whether or not the convicts placed on the county roads should have been placed on the county farm as that would involve a fact situation in each instance to be determined by the commissioners' court in their sound discretion and are not proper questions for this department to determine.

Under all the facts stated we think the question of the building of the proposed dwelling is a matter to be determined by the commissioners' court in their sound discretion.

We think Opinion No. 0-2926 is correct and the same is hereby confirmed.

Very truly yours

APPROVED JAN 14, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning

Wm. J. Fanning
Assistant

WJF:AW